IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Civil No. 20-282 |
| | ) |
| JAVON POPE | ) |

**Opinion on Motion for Discovery**

Defendant Javon Pope is charged in a two-count Indictment with Attempting to Remove Property and Take Other Action to Prevent Seizure in violation of 18 U.S.C. § 2232(a), and Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). Presently before the Court is Defendant's Motion for Discovery and the government's Response thereto. ECF Nos. 34 & 39.

**I. Motion for Discovery**

Pursuant to Federal Rule of Criminal Procedure 16, Mr. Pope seeks disclosure of any written or oral statements given by the Defendant to any law enforcement officer connected with this case (or any informant acting for law enforcement), the names of those present when any statement was taken, all such statements, and all copies of waivers of the Defendant's rights. Fed. R. Crim. P. 16(a)(1)(A) & (B). He also seeks disclosure of his prior criminal record. Fed. R. Crim. P. 16(a)(1)(D). As to expert witness disclosure, Mr. Pope seeks the names addresses, titles, and qualifications of any person who will be called as an expert witness in this case and any documents the expert prepared in connection with this case. Fed. R. Crim. P. 16(a)(1)(G).

Mr. Pope also seeks disclosure in the form of information as to the exact location of the Defendant at the time of the offense, and disclosure of the entire video of the area. He also requests that the government turn over all telephone records involving the Defendant as relevant

to this case, disclosure of whether any written or oral statements were taken from any witness, and disclosure of the names, addresses, and criminal histories of any witnesses.

With respect to potential informants who were used in the preparation of this case and who may be called at trial, Mr. Pope seeks disclosure of the informant's name, address, and telephone number. Disclosure with respect to potential informants is also sought as to any reward, payment, benefit, immunity, or other thing of value given to the witness or others in order to induce him to testify, the time, date, place, and amount of the reward given to the witness or informant, the witness' criminal record, any co-operation agreement executed between the government and the informant, and any documentation the government has concerning the informant's background and history. Finally, Mr. Pope seeks disclosure of whether an informant is addicted to drugs or alcohol, disclosure of the informant's aliases and employment history, and disclosure of reports, search warrants, crime lab results, or any other relevant item in cases in which the informant was used.

Mr. Pope also seeks production of all exculpatory evidence, and all material and information that may be favorable to him, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). He requests all potential impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150, 154 (1972). *See also United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991). Finally, Mr. Pope requests that the government turn over any Federal Rule of Evidence 404(b) material.

**II.     Discussion**

In Response to the Motion for Discovery, the government first represents to the Court that it has provided all discovery material to defense counsel that defendant is entitled to at this point in the proceedings. Specifically, the government states that it has already provided a report identifying the location of the defendant as related to the offenses. The government has also

already provided its "interstate nexus" expert report and has provided the defendant with his criminal history. The government states that it has also already provided Mr. Pope's cellular telephone download information. The government also argues that Mr. Pope is not entitled, at this time, to disclosure of witnesses' statements or the name (or related information) of any informant. The Court agrees with the government as to its analysis of the discovery rules and its representation that it has already disclosed the information as detailed above. Accordingly, the Motion for Discovery of the above material is DENIED without prejudice to Defendant seeking to compel the government to provide subsequently identified material it does not presently possess, so long as one of Rule 16's bases for production of the material is established.

The remaining requests for discovery materials, discussed below, seek disclosure of Jencks Act materials, Rule 404(b) information, and *Brady/Giglio* exculpatory/impeachment material.

**A. Jencks Act Material**

As for Jencks materials, by statute[1] the government need not disclose such material until after the witness has testified at trial. A court can encourage the government to provide the defense with Jencks Act materials in time to avoid unnecessary delays during trial. In the Court's standard Pretrial Scheduling Order, the government will be encouraged to provide all Jencks Act materials prior to the final pretrial conference (which is typically held five to fourteen days before trial), or in the alternative, to provide such materials in sufficient time to permit counsel to review the materials so as to eliminate the need for a delay in the trial. The Motion

---

[1] Pursuant to the Jencks Act, no statement or report made by a government witness or potential government witness "shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b).

for Jencks Act material is GRANTED in that the government shall disclose all Jencks material in accordance with 18 U.S.C. § 3500(b), but with encouragement to disclose such material no later than ten days prior to trial or no later than prior to the final pretrial conference, whichever event first occurs.

### B. Federal Rule of Evidence 404(b)

Mr. Pope requests that the Court Order the government to provide him with a written statement of any evidence it intends to use at trial pursuant to Federal Rule of Evidence 404(b). Rule 404(b) is titled "Other Crimes, Wrongs, or Acts," and, relevant to Defendant's Motion, specifies the prosecution's obligations to notify the defense that it intends to introduce such evidence. Rule 404(b)(3)'s notice requirements, provide as follows:

> **(3) Notice in a Criminal Case**. In a criminal case the prosecutor must:
>
> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> **(C)** do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3). In its Response, the government appears to have not yet identified any specific bad acts and/or convictions it will seek to introduce at trial. The government states that if it does identify such material, it will provide the defense with the required notice "shortly before trial." Govt. Resp. 4. The time frame "shortly before trial," is imprecise as a means of determining whether the disclosure meets the "reasonable notice" required by the Rule. "Reasonable notice," depends on "the circumstances and complexity of the prosecution." United States v. Johnson, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that,

"reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial. United States v. Long-Parham, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); United States v. Buckner, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020). Here, "the circumstances and complexity of the prosecution" appear to be straightforward. Johnson, 218 F. Supp. 3d at 462). The Court will order the government to disclose Rule 404(b) material ten days prior to trial to provide Mr. Pope the time necessary to review and challenge such evidence, if necessary. The Motion for disclosure of Federal Rule of Evidence 404(b) material is GRANTED in that the government shall provide advance notice of any evidence it intends to offer at trial falling within the purview of Rule 404(b) no later than ten days prior to trial or no later than prior to the final pretrial conference, whichever event first occurs.

### C. Disclosure of *Brady/Giglio* Materials

"In Brady, the Supreme Court held that due process required that [upon request] the government produce all "exculpatory" evidence, which includes both '[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness.'" United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994) (quoting United States v. Hill, 976 F.2d 132, 134-35 (3d Cir.1992)). Once a defendant makes a request for such materials, the government is obligated to disclose such exculpatory evidence, "in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983) ("No denial of due process occurs if Brady material is disclosed to [defendants] in time for its effective use at trial").

The Supreme Court in *Giglo* extended its ruling in *Brady* to encompass impeachment evidence relating to the credibility of a government witness. *Giglio*, 405 U.S. at 154. Any inducements or rewards given to government witnesses, including but not limited to money,

grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under Brady. See Higgs, 713 F.2d at 43 ("Evidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility").

The government did not specifically address Mr. Pope's request for production of *Brady* and *Giglio* material, however, the issues surrounding pretrial discovery of such material is straightforward. The government is obligated to disclose *Brady* material upon request from the defendant, and disclosure must occur "in time for its effective use at trial." Higgs, 713 F.2d at 44. *Giglio* impeachment evidence relating to the credibility of a government witness must be disclosed under *Brady*. Therefore, such materials also must be disclosed in time for its effective use at trial. Of course, in order to protect some witnesses, other persons, and ongoing investigations, the government may delay disclosure of sensitive impeachment material to a date that will still permit effective use of the material by the defense. Thus Mr. Pope's Motion for disclosure of *Brady*/*Giglio* materials is GRANTED in that the government shall disclose such materials no later than ten days prior to trial or no later than prior to the final pretrial conference, whichever event first occurs.

### III. Conclusion

For the reasons explained above, Mr. Pope's Motion for Discovery, ECF No. 34, is denied in part and granted in part as follows:

The Motion for Rule 16 discovery materials is DENIED without prejudice to Defendant seeking to compel the government to provide subsequently identified material it does not presently possess, so long as one of Rule 16's bases for production of the material is established.

The Motion for Jencks Act material is GRANTED in that the government shall disclose all Jencks material in accordance with 18 U.S.C. § 3500(b), but with encouragement to disclose such material no later than ten days prior to trial or no later than prior to the final pretrial conference, whichever event first occurs.

The Motion for disclosure of Federal Rule of Evidence 404(b) material is GRANTED in that the government shall provide advance notice of any evidence it intends to offer at trial falling within the purview of Rule 404(b) no later than ten days prior to trial or no later than prior to the final pretrial conference, whichever event first occurs.

The Motion for disclosure of *Brady/Giglio* materials is GRANTED in that the government shall disclose such materials no later than ten days prior to trial or no later than prior to the final pretrial conference, whichever event first occurs.

An Order scheduling trial in this matter for January 22, 2024 will be entered separately. A Status Video Conference is hereby set for December 12, 2024, at 9:00 AM.

Dated: December 6, 2023

Marilyn J. Horan
United States District Court Judge